Eastern Dist.
June, 1836.

BANKS
vs.
BOTTS.

dence are in favor of the plaintiff, are sufficient to make it valid and constitutional. No particular law is required to be cited.

---

## BANKS vs. BOTTS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

In a redhibitory action, where the evidence failed to satisfy the jury that the disease of which the slave died, made its appearance within three days after the sale, the plaintiff cannot avail himself of the legal presumption in such cases.

When the presumption of a redhibitory disease ceases, the buyer may still prove the fact that the disease existed at the time, or within three days after the sale.

Where the matter in contest is left doubtful by the evidence, and the question is one of fact, the verdict of the jury will not be disturbed.

This is a redhibitory action, for the rescission of the sale and return of the price and expenses of a slave, which is alleged to have died of a redhibitory disease.

The plaintiff alleges, that he purchased a slave, named William, from the defendant, by public act, dated the 23d of June, 1835, for six hundred dollars, warranted free from all redhibitory defects and vices; that within three days after the sale, the said slave fell sick of the small pox, and soon afterwards died. He prays for the recission of the sale, the return of the price, together with seventy-five dollars, expended for medical attendance, &c., and an attachment against the defendant's property.

The defendant pleaded a general denial; and specially denied that the slave was diseased at the time, or within three days of the sale, as alleged, but that he was sound and healthy.

Upon these issues and pleadings, the cause was submitted to a jury, on the evidence produced on both sides, who returned a verdict for the defendant. From judgment rendered thereon, the plaintiff appealed.

*T. Slidell* for the plaintiff.

1. The disease of which the slave died, discovered itself within three days, subsequent to the sale, and hence the plaintiff is entitled to the action of redhibition.

2. But even if the court should not be satisfied that the disease made its appearance outwardly, or by clear and manifest symptoms, within three days after the sale, yet it is clearly shown by the testimony of physicians, that judging from the time when the external symptoms of pustules appeared, the disease must have certainly existed in the system of the slave anterior to the sale. The testimony of medical men, when unequivocally given on a medical point, and when uncontradicted, is as admissible and binding as the testimony of an eye witness to a fact. *Starkie on Evidence, part* 1, *section* 50. *Cuilibet in arte sua credendum est.* Also, 5 *Louisiana Reports,* 276.

3. The second clause of the article 2508 of the Louisiana Code, raises the presumption that the disease existed before the sale, if within three days it has made its appearance;

but this does not debar the party from showing its previous existence, if it has made its appearance after the three days. *Landreaux* vs. *Campbell*, 8 *Martin, N. S.*, 479.

4. There is some conflict in the testimony as to what boat the slave was sent in, to the plantation of plaintiff; but any difficulty on this subject is removed by the admission on record of the defendant, of the identity of the slave who died with the one sold.

*Preston* for the defendant.

1. This case turns on mere questions of fact, and the evidence fully justifies the verdict of the jury.

2. To maintain the redhibitory action, it must be proved that the disease existed before the sale. *Louisiana Code,* 2508.

3. If it is shown to have appeared within three days after, the case raises the presumption that it existed before the sale. But in this case it is not proved that the disease appeared within three days; and if it were, the testimony of several of the witnesses is positive, that the slave was perfectly well when he was *sold*. This destroys the presumption of law.

4. The testimony shows, that the slave took the small pox on his way up the river on a steam-boat to the plantation of the plaintiff. This is a sudden disease, but it is not incurable; and even if it had existed at the time of sale, it is not a ground of redhibition.

5. The death and loss of the slave was therefore not occasioned by the incurable character of the disease, but by exposure and accidental circumstances over which the defendant had no control, and for which he is in no way liable.

*Bullard, J.* delivered the opinion of the court.

This is an action in which the plaintiff sues the vendor to recover back the price of a slave, who, he alleges, died shortly after the sale of the small pox, which disease he had contracted previously to the purchase.

The defendant denied, in his answer, the existence of the disease at the time of the sale, and alleged that the slave was then sound and in good health.

This issue was submitted to a jury, whose verdict was in favor of the defendant, and the plaintiff appealed, after an ineffectual motion for a new trial.

The evidence did not satisfy the jury that the disease of which the slave died, made its appearance within three days after the sale, and consequently the plaintiff cannot avail himself of the legal presumption established in such cases. But we accede to the proposition advanced by his counsel, that this does not preclude him from furnishing evidence that in point of fact the disease did exist at that time. On this point much evidence was given on both sides. On the part of the vendor it is shown, that the sale took place on the 23d of June, and that the slave remained at the house of Mr. Jacobs until the 25th, when he was put on board a steam-boat, to be sent to Lafourche; that during the time he remained at Jacobs's, he exhibited none of the symptoms of small pox, and that no cases of that disease had occurred at his establishment for two months. On what day the disease made its appearance, is not very clearly established. It was during the voyage to Lafourche, and he died on the 10th July. According to the opinion of medical men, the slave may have caught the infection after the 25th of June, or it may have existed in the system at that time. The matter is left doubtful by the testimony in the case. The question is one of fact, and on a careful examination of the evidence submitted to the jury, we are unable to discover that it preponderates so decidedly in favor of the plaintiff, as to authorize us to disturb the verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
June, 1836.

BANKS
vs.
BOTTS.

In a redhibitory action, where the evidence failed to satisfy the jury that the disease of which the slave died, made its appearance within three days after the sale, the plaintiff cannot avail himself of the legal presumption in such cases.

When the presumption of a redhibitory disease ceases, the buyer may still prove the fact that the disease existed at the time or within three days after the sale.

Where the matter in contest is left doubtful by the evidence, and the question is one of fact, the verdict of the jury will not be disturbed.